UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 00-80541
                                                    HON. GEORGE CARAM STEEH

vs.


ANNEBELLE V. DUNCAN,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S LETTER REQUEST [#351] FOR RELEASE OF
GRAND JURY TRANSCRIPTS AND MATERIAL

        Following a bench trial, defendant Annebelle Duncan, was found guilty on March 12, 2002 of conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846. On July 3, 2002, defendant was sentenced to ninety seven months imprisonment and a term of three years supervised release. On October 8, 2003, Duncan filed a 28 U.S.C. § 2255 petition. On March 3, 2004, the court dismissed as time barred all of Duncan's claims save for her effective assistance of counsel claim for counsel's failure to file an appeal. On October 6, 2004, this court denied Duncan's remaining claim, thereby dismissing her § 2255 petition in its entirety and denied a certificate of appealability. Before the court is defendant's request for release of the grand jury transcripts and material.

        Federal Rule of Criminal Procedure 6(e) "codifies the traditional rule of grand jury secrecy." *United States v. Sells Eng'g*, 463 U.S. 418, 425 (1983). The rule "reflects a

'strong' and 'long established policy' from which departures are permitted . . . only in cases of 'compelling necessity;' i.e., where there is proof that without access to the grand jury materials a litigant's position would be 'greatly prejudiced' or 'an injustice would be done.'" *In re Grand Jury Proceedings*, 841 F. 2d 1264, 1267-68 (6th Cir. 1988). "The need for secrecy continues even after the grand jury has dissolved, . . . [or] the persons indicted by the grand jury have pleaded guilty . . . ." *Id.* at 1268 (internal citations omitted). "[C]ourts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of grand juries." *Id.* (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

There are exceptions to the traditional rule however, which are set forth in Federal Rule of Criminal Procedure 6(e)(3). *See* Fed. R. Crim. P. 6(e)(3). Duncan is incorrect in her assertion that because her conviction is over ten years old (which it is not), that the need for secrecy is no longer needed. *In re Grand Jury Proceedings*, 841 F. 2d at 1268. In any event, Duncan has not demonstrated she is entitled to disclosure of the grand jury transcripts or materials under any of the exceptions listed in Rule 6(e)(3)(A)-(E). *See* Fed. R. Crim. P. 6(e)(3)(A)-(E). Rule 6(e)(3)(A)-(D) allows disclosure of grand jury matter to government attorneys, government personnel, and federal law enforcement, intelligence, and national security officials to assist with performance of their duties. *Id.*

Further, Rule 6(e)(3)(E) does not provide this court with authority to provide the transcripts or materials from the grand jury proceedings. Rule 6(e)(3)(E) states that the court "may authorize disclosure– at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter: (I) preliminary to or in connection with a judicial proceeding; (ii) at the request of a defendant who shows that a ground may exist to dismiss

the indictment because of a matter that occurred before the grand jury; . . . ." Fed. R. Crim. P. 6(e)(3)(E). Duncan does not indicate she seeks the grand jury transcripts and materials in connection with another judicial proceeding. To the extent Duncan argues that the indictment should have been dismissed due to an occurrence before the grand jury, the proper vehicle at this stage in the proceedings is through the filing of a § 2255 petition. Before Duncan may file a second or successive § 2255 petition, she must seek relief in the Sixth Circuit Court of Appeals as provided in 28 U.S.C. § 2244, and obtain authorization to file a second or successive motion to vacate in this court. *See In re Hanserd*, 123 F. 3d 922, 934 (6th Cir. 1997).

Accordingly,

Defendant's letter request for release of grand jury transcripts and materials [#351] is DENIED.

SO ORDERED.

Dated: October 21, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2010, by electronic and/or ordinary mail and also to Annebelle Duncan at 9025 Parkwood, Belleville, MI 48111.

S/Josephine Chaffee
Deputy Clerk